BOIES SCHILLER FLEXNER LLP
LINDA M. BURROW, State Bar No. 194668
  *lburrow@bsfllp.com*
CRAIG H. BESSENGER, State Bar No. 245787
  *cbessenger@bsfllp.com*
FEIFEI B. JIANG, State Bar No. 301716
  *fjiang@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiffs
DISNEY ENTERPRISES, INC.; LUCASFILM LTD. LLC; LUCASFILM ENTERTAINMENT COMPANY LLC; MARVEL CHARACTERS, INC.; MVL FILM FINANCE LLC; NBCUNIVERSAL MEDIA, LLC; UNIVERSAL CITY STUDIOS LLC; WARNER BROS. ENTERTAINMENT INC.; and SONY PICTURES ENTERTAINMENT INC.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC. a Delaware corporation; LUCASFILM LTD. LLC, a California limited liability company; LUCASFILM ENTERTAINMENT COMPANY LLC, a California limited liability company; MARVEL CHARACTERS, INC., a Delaware corporation; MVL FILM FINANCE LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company; WARNER BROS. ENTERTAINMENT INC., a Delaware Corporation; and SONY PICTURES ENTERTAINMENT INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HOLLYWOOD ENTERTAINMENT GROUP LLC, a Nevada Limited Liability Company, d/b/a VIP CONCIERGE, INC.; and CRAIG BANASZEWSKI, an individual, <br><br> Defendants. | Case No. 2:16-cv-09432-JFW (MRWx) <br><br> **ORDER ENTERING PERMANENT INJUNCTION AGAINST DEFENDANTS AND DISMISSING ACTION WITH PREJUDICE** <br><br> The Honorable John F. Walter <br><br> Trial Date: October 24, 2017 |

BOIES SCHILLER FLEXNER LLP

1 THIS MATTER comes before the Court upon the Stipulation of plaintiffs
2 DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC, LUCASFILM
3 ENTERTAINMENT COMPANY LLC, MARVEL CHARACTERS, INC., MVL
4 FILM FINANCE LLC, NBCUNIVERSAL MEDIA, LLC, UNIVERSAL CITY
5 STUDIOS LLC, WARNER BROS. ENTERTAINMENT INC., and SONY
6 PICTURES ENTERTAINMENT INC. (collectively, along with the affiliates listed
7 in Exhibit A hereto, referred to as the "Plaintiffs"), and defendants HOLLYWOOD
8 ENTERTAINMENT GROUP LLC d/b/a VIP CONCIERGE, INC. and CRAIG
9 BANASZEWSKI (collectively referred to as the "Defendants") (Plaintiffs and
10 Defendants are collectively referred to as the "Parties") for entry of a stipulated
11 permanent injunction and dismissal with prejudice (the "Order").
12 Having considered the Complaint, Answer and the Stipulation of the Parties
13 in this action, the Court finds that:

14     1.     The Parties have stipulated and agreed to the entry of this Order.
15     2.     The Defendants waive all rights to seek judicial review or otherwise
16           challenge or contest the validity of their Stipulation hereto or this
17           Order.
18     3.     This Court has jurisdiction over the subject matter of this case and over
19           all parties hereto, and venue in this district is proper.
20     4.     The entry of this Order is in the public interest.

21 **<u>ORDER</u>**

22 **IT IS THEREFORE ORDERED, ADJUDICATED AND DECREED** that,
23 a permanent injunction shall be and hereby is entered against Defendants as follows:

24     1.     Defendants, and each of Defendants' respective officers, agents,
25           servants, employees, successors and assigns, and all those acting in
26           concert or participation with any such persons, including any company
27           owned or controlled (now or in the future) by Craig Banaszewski, are
28

hereby PERMANENTLY enjoined from engaging in, or assisting others in engaging in, the following conduct:

a. Purchasing, selling or transferring, attempting to purchase, sell or transfer, or soliciting the purchase, sale or transfer of, any ticket, badge, credential or anything entitling or purporting to entitle access to any events produced or presented by or affiliated with Plaintiffs.

b. Offering to perform, attempting to perform, or performing any act as an intermediary, broker or middleman relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling or purporting to entitle access to any future events produced or presented by or affiliated with Plaintiffs.

c. Advertising or publishing any offer to purchase, sell, transfer or broker, or to otherwise act as an intermediary, broker or middleman, relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling or purporting to entitle access to any future events produced or presented by or affiliated with Plaintiffs.

d. Gaining or attempting to gain unauthorized access to any future events produced or presented by or affiliated with Plaintiffs.

e. Participating in, aiding or facilitating, or attempting to participate in, aid or facilitate, any effort by any person to gain unauthorized access to any future events produced or presented by or affiliated with Plaintiffs.

f. Receiving any compensation, whether in money, in kind or otherwise, for any of the acts described in paragraphs (a) through (e) above;

g. Using or displaying for any purpose any registered mark, or any depiction, image, photograph, picture, illustration or other visual representation containing any registered mark, which is owned by Plaintiffs and/or any of their respective affiliates, including, without limitation, as specified on Exhibit 1 attached hereto; and

h. Using or displaying for any purpose any copyright-protected material, or any depiction, image, photograph, picture, illustration or other visual representation containing any copyright-protected material, which is owned by Plaintiffs and/or any of their respective affiliates, including, without limitation, as specified on Exhibit 2 attached hereto.

2. Notwithstanding anything to the contrary herein, nothing contained herein shall prohibit Defendants (and/or any of Defendants' respective officers, agents, servants, employees, successors and assigns, or those acting in concert or participation with any such persons) from engaging in any of the acts described in paragraphs 1.a. through 1.f. above solely with respect to lawfully-obtained tickets to events that are otherwise available for sale without restriction to the general public.

3. Defendants, and each of Defendants' respective officers, agents, servants, employees, successors and assigns, and all those acting in concert or participation with any such persons, including any company owned or controlled (now or in the future) by Craig Banaszewski, agree that if they violate the injunction by engaging in any of the acts described in paragraphs 1.a. through 1.f., Defendants shall pay Plaintiffs the sum of thirty-thousand dollars ($30,000) as liquidated damages for each event for which Defendants engage in such acts. The Parties agree that quantifying losses arising from a violation of the injunction is inherently difficult, insofar as it may involve harm to

BOIES SCHILLER FLEXNER LLP

1  Plaintiffs' reputations, and further stipulate that the agreed-upon sum is
2  not a penalty, but rather a reasonable measure of damages.

4  **IT IS FURTHER ORDERED** that the Court shall dismiss the action, with
5 prejudice, upon entry of the Permanent Injunction, with each party to bear its own
6 costs and attorneys' fees.

7  **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this
8 matter for all purposes of construction, modification and enforcement of this Order.

10 DATED: June 20, 2017  **SO ORDERED**

*[signature]*
Honorable John F. Walter
United States District Judge